NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 18, 2009
Decided November 5, 2009

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-1346

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 08-40006-003 |
| MARVIN JAMES HAMILTON,<br>    *Defendant-Appellant.* | Joe B. McDade,<br>*Judge*. |

**O R D E R**

Marvin Hamilton and several other men worked together to obtain powder cocaine and "cook" it into crack for resale.  The conspiracy came to an abrupt conclusion when two of Hamilton's coconspirators were pulled over for a traffic offense with over 200 grams of crack in their car.  Hamilton was convicted after a jury trial of conspiracy to possess, and possession with intent to distribute, crack cocaine.  *See* 21 U.S.C. §§ 846, 841(a)(1).  Because of the amount of crack and Hamilton's prior felony drug conviction, he faced a 20-year

minimum prison term on each count.  *See id.* § 841(b)(1)(A).  The district court calculated a guidelines imprisonment range of 324 to 450 months but imposed the minimum term on both counts, to run concurrently.  Hamilton filed a notice of appeal, but his appointed counsel has moved to withdraw because she cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967).  Hamilton has not responded to our invitation to comment on counsel's motion.  *See* CIR. R. 51(b).  Our review is confined to the potential issues identified in counsel's facially adequate supporting brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

All three of Hamilton's coconspirators testified against him at trial, and counsel perceives no possible claims concerning Hamilton's convictions.  Instead she focuses on possible arguments about Hamilton's sentence.  Counsel first considers whether Hamilton could challenge the district court's addition of two offense levels for his role in the charged conspiracy.  *See* U.S.S.G. § 3B1.1(c).  As the district court noted, Hamilton merely recruited a fellow conspirator to purchase supplies and provide the premises where they "cooked" powder cocaine into crack.  So, there is little evidence to support a leadership enhancement. However, as counsel points out, even if Hamilton could successfully challenge the § 3B1.1(c) increase, he would still be subject to the 20-year statutory minimum on each count given the amount of crack involved and his prior felony drug conviction.  *See* 21 U.S.C. § 841(b)(1)(A); *United States v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007).  So, any error in the guidelines calculation would be harmless and would not alter his sentence.

Counsel also considers whether Hamilton could argue that the district court erred in calculating the quantity of crack attributed to him.  The court relied on the facts recounted in the presentence report by the probation officer, who estimated that Hamilton had manufactured at least 700 grams of crack with his coconspirators.  The probation officer also recounted that Hamilton had sold at least 250 grams of crack and purchased at least 350 grams.  Consequently, the court's conservative finding that Hamilton was tied to at least 500 grams is supported by ample evidence, and any contrary argument would be frivolous.  *See, e.g.*, *United States v. Fuller*, 532 F.3d 656, 666 (7th Cir. 2008).  Again, though, the guidelines calculation is insignificant, since even 50 grams of crack was enough to trigger the mandatory terms that Hamilton received.  *See* 21 U.S.C. § 841(b)(1)(A).

Accordingly, the motion to withdraw is GRANTED, and the appeal is DISMISSED.